IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

| | |
|---|---|
| RICHARD HEBERT,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SINCLAIR OIL CORPORATION, a Wyoming Corporation, COATES ELECTRICAL AND INSTRUMENTATION, a Utah Corporation,<br><br>　　　　　　Defendant. | Case No: 15-CV-0084 |

---

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Sinclair Wyoming Refining Company and Coates Electrical and Instrumentation's (Defendants) Motion for Summary Judgment (Doc. 50), Plaintiff's opposition (Doc. 57), and Defendants' further reply (Doc. 60) have come before the Court for consideration. Having considered the pleadings, the applicable law, the parties' written submissions, and materials offered in support of their respective positions, the Court **GRANTS** Defendants' motion **in part** and **DENIES** it **in part**.

### BACKGROUND

In February of 2012, Richard Hebert (Plaintiff), was working part-time as an electrician at the Sinclair Wyoming Refining Company, outside Rawlins, Wyoming. Sinclair Wyoming Refining Company had contracted with Coates Electrical and

Instrumentation to provide electrical services. Coates then subcontracted part of its work out to TradeForce Solutions of Colorado, LLC (not a party to this case). TradeForce was Plaintiff's employer for Wyoming Workers' Compensation purposes. Doc. 57 at ¶ 15; Doc. 60 at ¶ 15.

On February 14, 2012, Plaintiff parked, crossed a road, and entered a building to attend a safety meeting about the hazards of ice and snow. After the meeting, Plaintiff crossed the road again to a work van he would operate that day. After Plaintiff started the van, he walked back across the road, for the third time, to the office trailer to turn in his Job Hazard Analysis worksheet. On his way back to the van, crossing the road for the fourth time that morning, Plaintiff slipped on ice and injured himself. Doc. 50, Ex 2.

At the time of Plaintiff's accident, he was talking to a co-worker, Steve Moore, who was standing on the other side of the road. Moore testified in his deposition that it was obvious the road was covered with slippery ice. Doc. 50, Ex. 7 at P. 25:2-4. Plaintiff testified in his deposition that he would walk "pretty gingerly" across the road where he fell. Doc. 50, Ex. 2 at P. 42:4-11.

Defendant, Sinclair, would regularly plow and periodically gravel and/or sand the road where Plaintiff slipped. Doc. 57, Ex. 6, at 22:2-12; 49:4-8; 62:9-17 and Ex. 2, at 43:17-45:12. Both Defendants, Sinclair and Coates, were aware of the icy conditions prior to Hebert's fall as evidenced by the safety meeting held that morning. Doc. 57, Ex. 12.

Defendants dispute the following statements of fact, but regard them as immaterial to the question of whether summary judgment should be granted.

- Whether the road in question had been plowed or sanded since a recent storm that had occurred immediately prior to Plaintiff's fall. It is disputed how often and for what reason the road in question is graveled or sanded. Doc. 60, 2:18-20.

- Whether Defendant, Coates, prohibited workers from parking their vehicles on the far side of the road, so as to avoid any need to cross the icy road. Plaintiff alleges electrical workers were required to cross the road, sometimes carrying heavy electrical tools. Doc. 57, Ex. 8 at 36:1-37:25.

- Whether Defendant, Sinclair, dumped gravel on the road where Hebert had fallen after Plaintiff was taken away by ambulance. Doc 57, Ex. 6, at 63:1-64:14.

- Whether Plaintiff complained on three separate occasions to his superintendent, Tom Smith, about the icy conditions on the road and had asked if he could park the van on the opposite side of the road. Doc. 57, Ex. 11, at 40:16-42:3.

**DISCUSSION**

Plaintiff brings the following claims: (1) Negligence of Defendant Sinclair Oil Corporation and; (2) Negligence of Defendant Coates Electrical and Instrumentation (Doc. 1). Through "Defendants' Motion for Summary Judgment" (Doc. 50) and "Reply Memorandum in Support of Motion for Summary Judgment" (Doc. 60), Defendants argue (1) Coates and/or Sinclair are not Plaintiff's employer(s) and therefore Defendants do not owe a non-delegable duty to provide a safe work place to Plaintiff; (2) Wyoming's "Natural Accumulation" doctrine applies, therefore Defendants owe no duty to Plaintiff and; (3) OSHA regulation 29 CFR 1910.36(h)(2) is not applicable in this case, therefore

3

Defendants do not owe a duty to Plaintiff. The Court will first address the summary judgment standard of review and then address each issue in turn.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is genuine if a reasonable juror could resolve the disputed fact in favor of either side. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is material if under the substantive law it is essential to the proper disposition of the claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor." *Anderson*, 477 U.S. at 255.

The party moving for summary judgment has the burden of establishing the nonexistence of a genuine dispute of material fact. *Lynch v. Barrett*, 703 F.3d 1153, 1158 (10th Cir. 2013). The moving party can satisfy this burden by either (1) offering affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c)(1)(A)–(B).

Once the moving party satisfies this initial burden, the nonmoving party must support its contention that a genuine dispute of material fact exists either by (1) citing to particular materials in the record, or (2) showing that the materials cited by the moving party do not establish the absence of a genuine dispute. *See id.* The nonmoving party

4

must "do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive a summary judgment motion, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Further, when opposing summary judgment, the nonmoving party cannot rest on allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine dispute of material fact for trial. *See Travis v. Park City Mun. Corp.*, 565 F.3d 1252, 1258 (10th Cir. 2009).

When considering a motion for summary judgment, the court's role is not to weigh the evidence and decide the truth of the matter, but rather to determine whether a genuine dispute of material fact exists for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact-finder, not the court. *Id.* at 255.

## ANALYSIS

### a) Employer-employee relationship between Defendants and Plaintiff

Defendants contend Plaintiff's employer was TradeForce Staffing Solutions of Colorado, therefore, neither Coates nor Sinclair owe Plaintiff a non-delegable duty to provide a safe workplace. Defendants further contend that even if TradeForce contracted with Sinclair and/or Coates as Plaintiff alleges, the duty is non-delegable and thus cannot be contracted away.

Plaintiff argues both Coates and Sinclair are employers of Plaintiff and thus owe him a non-delegable duty to provide a safe work place. Plaintiff cites the Wyoming Supreme Court to discuss what a non-delegable duty is, saying "[t]he non-delegable duty of a master or employer to provide an employee with safe working conditions, including competent co-employees, has been established in Wyoming for a long time." *Abeyta v. Hensley*, 595 P.2d 71, 73 (Wyo.1979). Plaintiff argues TradeForce, by reason of its contract, placed Coates and/or Sinclair in charge of Plaintiff's work and was responsible for Plaintiff's workplace safety.

To determine whether an employer owes a duty to an employee in an independent contractor situation, the Wyoming Supreme Court has adopted the "borrowed servant" doctrine. According to the borrowed servant doctrine,

> when one employer provides an employee to another employer, the employee becomes the "borrowed servant" of the second employer for that particular transaction. If the second employer exercises control over the "borrowed servant," the second employer assumes liability for the activities of that borrowed employee, and the original employer is not liable for any of that employee's conduct. *Blessing v. Pittman*, 70 Wyo. 416, 251 P.2d 243, 246–47 (1952); 27 Am.Jur.2dEmployment Relationship § 462 (1996). In determining which employer must assume liability, the court looks to the dual factors of who controls the employee and whose business the employee is furthering at the time of the accident. *Blessing*, 251 P.2d at 247. Under our law, however, the primary test to establish the existence of employment is the right of control of the alleged employer. *Claims of Naylor*, 723 P.2d 1237, 1240 (Wyo.1986) (*quoting Fox Park Timber Co. v. Baker*, 53 Wyo. 467, 84 P.2d 736, 743 (Wyo.1938)).

*Franks v. Indep. Prod. Co.*, 96 P.3d 484, 493 (Wyo. 2004) (*quoting Franks v. Olson*, 975 P.2d 588, 594 (Wyo.1999)).

The Wyoming Supreme Court has stressed the right of control when differentiating between master-servant and employer-independent contractor, noting,

> the overriding consideration in distinguishing between master-servant relationships and employer-independent contractor relationships is the employer's right to control the means and manner of the work. See, e.g., *Stratman v. Admiral Beverage Corp.,* 760 P.2d 974, 980 (Wyo.1988); *Cline v. State, Dep't. of Family Services,* 927 P.2d 261, 263 (Wyo.1996); *Noonan v. Texaco, Inc.,* 713 P.2d 160, 164 (Wyo.1986).
> Such a right to control is a prerequisite of the master-servant relationship. Conversely, the absence of such a right of control is a prerequisite of an independent contractor relationship. Master-servant and independent contractor are thus opposite sides of the same coin; one cannot be both at the same time with respect to the same activity; the one necessarily negatives the other, each depending on opposite answers to the same right of control inquiry.

*Coates v. Anderson,* 84 P.3d 953, 957 (Wyo.2004).

Coates Electrical and Sinclair Wyoming Refining Company did enter into a Service Contract for Coates to provide electrical services to Sinclair, however employee or independent contractor matters were not discussed. Doc. 57, Ex. 4. In regards to the Plaintiff's relationship with the Defendants, Plaintiff has only cited to the complaint which states:

> 16. On or about February 14, 2012, Mr. Hebert was employed as a master industrial electrician and instrument fitter by Tradeforce.
> 17. Tradeforce contracted out Mr. Hebert to Coates to work as a master electrician and instrument fitter on the large industrial expansion of the Sinclair Oil Refinery located in Carbon County, Wyoming.
> 18. Tradeforce, by reason of its contract, placed Coates and/or Sinclair in charge of Mr. Hebert's work and responsible for Mr. Hebert's workplace safety.

Doc. 1, at ¶ 16-18

7

Plaintiff fails to provide any other information regarding an employer/employee relationship between TradeForce Solutions and Coates Electrical, or even Plaintiff and TradeForce Solutions for that matter, other than his allegations in the complaint. Fed. R. Civ. P. 56. While the Court does not dispute an employer's non-delegable duty to provide a safe place to work as cited in *Abeyta,* 595 P.2d 71, this Court finds Plaintiff's argument that Defendants owed him a duty misplaced, because he failed to demonstrate a genuine issue of material fact that shows Defendants are his employers. Plaintiff cannot rest on allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine dispute of material fact for trial. *See Travis* 565 F.3d at 1258. For these reasons, summary judgment will be granted as to the claims concerning an employee-employer relationship.

### b) Wyoming's natural accumulation doctrine and alteration with reasonable care

To maintain a negligence action, plaintiff must establish: (1) the defendant owed the plaintiff a duty to conform to a specified standard of care, (2) the defendant breached the duty of care, (3) the defendant's breach of the duty of care proximately caused injury to the plaintiff, and (4) plaintiff's injury is compensable by money damages. *Valance v. VI–Doug, Inc.,* 50 P.3d 697, 701 (Wyo.2002).

Defendants argue they do not owe a duty to Plaintiff based on "natural accumulation." Defendant's state that Plaintiff was aware of the hazardous condition of the road and the need to protect himself against the slippery conditions. Accordingly,

Defendants contend Plaintiff was in the better position to prevent the injuries he sustained.

Plaintiff in response argues that based on an eight-factor test in *Gates v. Richardson*, 719 P.2d 193, 196 (Wyo. 1986)[1], Defendants owe a duty of care to Plaintiff as landowners. In the alternative, Plaintiff argues the motion for summary judgment should be denied regardless of the applicability of the natural accumulation doctrine, because of the alteration to the natural conditions.

In a line of cases beginning with *Watts v. Holmes*, 386 P.2d 718 (Wyo. 1963), the Wyoming Supreme Court adopted the "natural accumulation" doctrine, stated as thus:

> [A landowner] is not considered negligent for allowing the natural accumulation of ice due to weather conditions where he has not created the condition. The conditions created by the elements, such as the forming of ice and falling of snow, are universally known and there is no liability where the danger is obvious or is as well known to the plaintiff as the property owner.

*Bluejacket v. Carney*, 550 P.2d 494, 497 (Wyo. 1976).

In *Bluejacket*, a lodge patron brought action against the lodge and its owners for injuries sustained in a slip and fall. *Id.* at 495. The trial court rendered summary judgment in favor of the lodge and the Wyoming Supreme Court affirmed. *Id.* at 498. The court held the patron was aware of the snowy and icy conditions along the path which was customarily left unshoveled and unsanded. *Id.* at 497. The court held the lodge was not

---

[1] (1) the foreseeability of harm to the plaintiff, (2) the closeness of the connection between the defendant's conduct and the injury suffered, (3) the degree of certainty that the plaintiff suffered injury, (4) the moral blame attached to the defendant's conduct, (5) the policy of preventing future harm, (6) the extent of the burden upon the defendant, (7) the consequences to the community and the court system, and (8) the availability, cost and prevalence of insurance for the risk involved.

liable for injuries sustained when the patron slipped and fell. *Id.* Even though the path was not lit, sanded, or shoveled, the court held, "The plaintiff must show a reason for slipping and falling. There was no showing made of neglect or failure to perform a duty on the part of the defendant." *Id.*

The justification for the natural accumulation doctrine is given by the Wyoming Supreme Court in *Eiselein v. K-Mart, Inc.*, 868 P.2d 893 (Wyo. 1994). The Wyoming Supreme Court states the "plaintiff is in a much better position to prevent injuries from ice or snow because the plaintiff can take precautions at the very moment the conditions are encountered." *Id.* at 898.

Most recently, a motion for summary judgment, involving a slip and fall case, was denied in *Queen v. TA Operating, LLC*, 2011 WL 11027988 (D. Wyo. 2011).

In the *Queen* case, a truck driver was parked at the Rawlins TA truck stop overnight. When Mr. Queen was outside inspecting his truck, he slipped on a patch of ice in the parking lot. The court held the issue of whether TA Operating plowed the parking lot was a genuine issue of material fact. The court found, "An occupier of property has no duty to prevent or guard against injuries that result from a natural accumulation of snow. *E.g., Eiselein v. K–Mart, Inc.*, 868 P.2d 893, 895 (Wyo.1994). If the occupier alters the natural state, however, the alteration must be performed with reasonable care." *Queen*, 2011 WL 11027988 at *2.

The Wyoming Supreme Court laid out what the plaintiff must show in order prove there was indeed an "alteration" of the natural conditions in *Selby v. Conquistador Apartments, Ltd.*, 990 P.2d 491, 494 (Wyo. 1999) as saying:

10

> To prove that an accumulation of ice or snow is unnatural, a plaintiff must show: (1) that the defendant created or aggravated the hazard; (2) that the defendant knew or should have known of the hazard; and (3) that the hazardous condition was substantially more dangerous than it would have been in its natural state.

*Id.* at 494

Defendants liken the open and obvious dangers of the ice to the natural accumulation doctrine then jump to the conclusion there is no duty. However, whether the ice was open and obvious would go toward the comparative negligence of the Plaintiff, not the existence of duty on the part of Defendants. The Wyoming Supreme Court determined that the open and obvious danger rule had survived the statutory implementation of comparative negligence and limited it to cases where the danger was naturally occurring. *See O'Donnell v. City of Casper,* 696 P.2d 1278, 1282 (Wyo. 1985). "The thrust of our known and obvious danger rule decisions has been that the danger presented by the accumulations of snow and ice does not generally create liability for a possessor of property because of their natural character." *Id.* at 1283. However, in *Selby* the Wyoming Supreme Court pointed to the possibility of naturally occurring hazards being removed from the rule of no duty, "by aggravating the hazard, thereby significantly altering it from a naturally occurring condition that would be encountered off the premises" *Berry v. Tessman,* 170 P.3d 1243, 1246 (Wyo. 2007) (*discussing Selby,* 990 P.2d at 494).

Whether there was an alteration of the road and if it was performed with reasonable care presents a genuine issue of material fact. Similar to *Queen*, there is ample evidence here that Defendants engaged in snow removal efforts along the road in

11

question. Doc. 57, Ex. 6, at 22:2-12; 49:4-8; 62:9-17; Ex. 2, at 43:17-45:12 and; Ex. 7, at 11:9-25. Accordingly, summary judgment is denied.

### c) Applicability of OSHA regulation 29 CFR 1910.36(h)(2)

The issue of OSHA regulation 29 CFR 1910.36(h)(2) was first raised in "Plaintiff's Response To Motion For Summary Judgment" (Doc. 57), and is thus presented accordingly.

The OSHA regulation in question states:

> (h) An outdoor exit route is permitted. Each outdoor exit route must meet the minimum height and width requirements for indoor exit routes and must also meet the following requirements:
> (1) The outdoor exit route must have guardrails to protect unenclosed sides if a fall hazard exists;
> **(2) The outdoor exit route must be covered if snow or ice is likely to accumulate along the route, unless the employer can demonstrate that any snow or ice accumulation will be removed before it presents a slipping hazard;**
> (3) The outdoor exit route must be reasonably straight and have smooth, solid, substantially level walkways; and
> (4) The outdoor exit route must not have a dead-end that is longer than 20 feet (6.2 m).

29 C.F.R. § 1910.36.

Plaintiff argues this OSHA regulation gives rise to a negligence *per se* action. If the natural accumulation doctrine does apply to this case, Plaintiff argues the federal regulation would preempt Wyoming's natural accumulation doctrine.

In *Distad v. Cubin*, 633 P. 2d 167 (Wyo. 1981), the Wyoming Supreme Court affirmed a jury instruction which allowed the jury to consider a rule or regulation being

violated as evidence of negligence if they determined the defendant violated the rule or regulation. *Id* at 173. A statute, regulation or ordinance may be adopted as the standard of care only if "the injured party belongs to the class of persons that the statute was intended to protect, and the injury is of the type that the statute was intended to prevent." *Sagebrush Ltd. v. Carson City,* 660 P.2d 1013, 1015 (Wyo. 1983).

Defendants argue the OSHA regulation does not apply to this case, and to suggest that the unpaved construction roadway should have been covered is unreasonable and infeasible. Defendants further argue, the regulation cited is a general industry requirement, not a construction specific requirement, which is covered under 29 CFR 1926. Furthermore, OSHA's minimum requirements call for exit routes from within a building. 29 CFR 1910.34(b).

The Tenth Circuit has noted that OSHA does not, "contain statutory provisions permitting a private cause of action for personal injury" *Westine v. Gonzales Construction Co.,* 103 F.3d 145 (10th Cir. 1996); *see also Ellis v. Chase Communications, Inc.,* 65 F.3d 473, (6th Cir. 1995) (OSHA does not create a private civil remedy and does not create a private right of action); *Chaney v. Wal-mart Stores Inc.,* No. CIV-15-592-R, 2015 WL 6692108, at *9 (W.D. Okla. Nov. 3, 2015) (*citing Hoeft v. Dommisse,* 352 F. App'x 77, 80 (7th Cir. 2009); *Albrecht v. Baltimore & Ohio Railroad Co.,* 808 F.2d 329, 332 (9th Cir. 1987) (holding that OSHA regulations cannot provide a basis for liability).

The Court finds, the OSHA regulation does not apply to the facts of this case. To begin with, as Defendants pointed out, the regulation cited is for a "permitted" outdoor

exit, not a required exit. Additionally, Plaintiff was not "exiting" a building, but was crossing a road. The adequacy of exits in the surrounding buildings is not at issue in this case. This Court finds that the Plaintiff cannot base a cause of action upon an alleged violation of the OSHA regulation 29 CFR § 1910.36. Accordingly, the Court will grant summary judgment on Plaintiff's negligence *per se* claim.

## CONCLUSION

For the reasons discussed above, it is therefore

**ORDERED** that Defendants' *Motion for Summary Judgment* (Doc. 50) shall be, and hereby is, **GRANTED** on the issues of Plaintiff's claims of negligence based on duty established by an employer-employee relationship between Defendants and Plaintiff and; negligence *per se* by applying OSHA regulation 29 CFR 1910.36(h)(2). It is further

**ORDERED** that Defendants' *Motion for Summary Judgment* shall be, and hereby is, **DENIED** as to the claim of negligence through their argument of Wyoming's natural accumulation doctrine and alteration with reasonable care. It is further

**ORDERED** that the parties shall be prepared to proceed to trial on the present schedule.

Dated this 7th day of October, 2016.

Alan B. Johnson
United States District Judge